JUSTICE TRIEWEILER
dissenting.
¶127 I join in Justice Nelson’s dissent from the majority opinion.
¶128 I take no particular satisfaction in this position and, in fact, originally voted with the majority to affirm the attorney discipline process, except for Rule 13. However, after careful review of both opinions, I find the dissent the better reasoned approach, and more consistent with Montana’s elevated standards for due process and the actual practices for reviewing disciplinary recommendations by this Court.
¶129 I take no satisfaction in concluding that the disciplinary process for attorneys needs reform because I, like Justice Nelson, have for a number of years reviewed the results of the Commission’s work and have no criticism of the Commission’s efforts at a practical level. In fact, I, like other members of the Court, have consistently voted to enforce the Commission’s recommendations.
¶130 Having made that observation, however, I must also note that I for one do not personally review every part of the record in every Commission proceeding. I simply don’t have time to do so. And, as pointed out by Justice Nelson, even if I had time to personally review the entire record in every disciplinary proceeding, I wouldn’t be in the position the Commission members are in to evaluate the credibility of witnesses who present conflicting evidence. I must necessarily defer, in most cases, to the eyes and ears of the Commission members. Therefore, I agree with the dissent that this Court’s responsibility for independent review, should be no meaningful comfort to those attorneys who suspect the disciplinary process because of its current structure.
¶131 My greatest concern, however, is with how the disciplinary system can continue to function effectively as it is currently constructed. The commitment of time by current Commission members who must necessarily be involved from start to finish in every complaint about attorney conduct is more than should reasonably be asked of people who have full-time professional responsibilities. I assume that with growth in the profession, greater public scrutiny of attorney conduct and increased sophistication about what a client has a right to expect from his or her attorney, the workload for the Commission members will only increase. In that event, I am concerned as was the team from the ABA, that a cross section of attorneys will no longer be able to serve on the Commission. I am concerned that only those at *534 torneys who come from large firms which are willing to subsidize a member’s participation, or those attorneys who have nothing else to do, will be able to afford the commitment of time that service will require. I believe that for the Commission to function well and perform fairly, it must include attorneys from diverse professional backgrounds, including large firms, public service, small firms, and solo practitioners. I frankly don’t see how that will be possible with much more of a workload than the Commission already has and I’m sure that those people currently serving on the Commission are making substantial professional sacrifices to do so.
¶ 132 My j oinder in Justice Nelson’s dissent is not based on my conclusion that any attorney has been treated unfairly by the Commission, including the two attorneys presently before the Court. It is based simply on my conclusion that there is a better process for deciding whether discipline should be imposed which is more consistent with the requirements of due process and which would, in the long-term, function more effectively for all of those involved in that process, including Commission members.
¶133 Rule 13, on the other hand, is patently unfair and unconstitutional. While there may be some privacy justification for maintaining confidentiality of the Commission’s files up until a complaint is filed, there is no justification for withholding information from an attorney against whom a complaint has been filed. I concur that to do so, violates not only the attorney’s right to due process, but Article II, Section 9 of the Montana Constitution. Furthermore, it is not up to this Court, after the fact, to determine what is or isn’t exculpatory. No one will ever know the extent to which the record was undeveloped or defenses not presented because of information on which the Commission relied and about which the attorney under investigation was unaware.
¶134 It is not sufficient that Rule 13 be rewritten. There is no place in the disciplinary process for hide-and-seek.
¶135 For these reasons, I join in the dissent authored by Justice Nelson.